**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4353**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

TARA ANDERSON THOMPSON,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge. (2:05-cr-00539-DCN)

---

Submitted:  February 23, 2007        Decided:  March 29, 2007

---

Before MOTZ, KING, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

James B. Loggins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Reginald I. Lloyd, United States Attorney, Carlton R. Bourne, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tara Anderson Thompson was convicted after a jury trial of one count of conspiracy to launder money and to engage in monetary transactions in property derived from drug distribution, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), (h), 1957 (2000), one count of engaging in a monetary transaction in criminally derived property, in violation of 18 U.S.C. § 1957(a) (2000), and one count of aiding and abetting the distribution of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2000) and 18 U.S.C. § 2 (2000). The district court sentenced Thompson to sixty-three months of imprisonment. She appeals her conviction and sentence.

On appeal, Thompson's counsel filed an Anders[*] brief in which he states that there are no meritorious issues for appeal, but suggests that Thompson's conspiracy conviction should be reversed because the Government failed to establish that Thompson actually knew of the illegal origin of the funds in question. Thompson has also filed a pro se supplemental brief asserting several claims related to her conviction and sentence. The Government responds that the evidence was sufficient to sustain Thompson's conviction of money laundering conspiracy.

A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a

_____

[*]Anders v. California, 386 U.S. 738 (1967).

- 2 -

conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear." United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984). A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government, and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to establish a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).

To prove Thompson participated in a conspiracy to launder money, the Government must "prove that (1) a conspiracy to commit . . . money laundering was in existence, and (2) during the conspiracy, the defendant knew that the proceeds . . . had been derived from an illegal activity, and knowingly joined in the conspiracy." United States v. Alerre, 430 F.3d 681, 693-94 & n.14 (4th Cir. 2005), cert. denied, 126 S. Ct. 1925 (2006). Counsel asserts only that the evidence was insufficient to establish that Thompson knew that the money involved was derived from illegal

activity.  Our review of the record convinces us that the evidence was sufficient to sustain the jury's finding of guilt.

We have considered the allegations of error asserted in Thompson's pro se supplemental brief and find them to be without merit.  In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal.  We therefore affirm Thompson's conviction and sentence.  We deny Thompson's motion to remand.  This court requires that counsel inform Thompson, in writing, of the right to petition the Supreme Court of the United States for further review.  If Thompson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Thompson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>